UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GWENDA LYNN CRUTCHER,<br><br>      Petitioner,<br><br>v.<br><br>WARDEN BARLOW-HUST and STATE OF IDAHO,<br><br>      Respondents. | Case No. 1:22-cv-00214-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Gwenda Lynn Crutcher, challenging Petitioner's state court conviction for criminal possession of a financial transaction card.[1] *Dkt. 3.* Respondent has filed a Motion for Summary Dismissal, *Dkt. 12*, which is now ripe for adjudication. Petitioner has filed a Motion for Appointment of Counsel, as well as various other motions that request judgment in her favor. *Dkts. 17, 19, 21, 24, and 25*.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *Dkt. 13.* See Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

---

[1] Petitioner also has another habeas corpus petition pending in this Court and has filed the same motions in that case, in which Petitioner challenges Petitioner's state court conviction for possession of a controlled substance. *See Crutcher v. Idaho*, No. 1:22-cv-00223-CWD (D. Idaho).

MEMORANDUM DECISION AND ORDER - 1

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *Dkt. 8.* Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing the Petition with prejudice.

## MOTION FOR APPOINTMENT OF COUNSEL

The Court denied Petitioner's previous request for counsel, *see Dkt. 9 at 13*, and Petitioner has not shown that appointment of counsel is now appropriate. The legal issues in this matter are not complex. Further, as explained below, Petitioner's claims are untimely. Accordingly, Petitioner does not have a likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

For these reasons, the Court will deny Plaintiff's Motion for Appointment of Counsel. The Court now turns to Respondent's Motion for Summary Dismissal.

## BACKGROUND

In the Sixth Judicial District Court in Bannock County, Idaho, Petitioner pleaded guilty to criminal possession of a financial transaction card. *State's Lodging A-1 at 3–4*. Petitioner was sentenced to four years in prison with two years fixed. However, the trial court suspended the sentence and placed Petitioner on probation. The judgment of

conviction was entered on May 4, 2011. *Id. at 14–16*. Petitioner did not file a direct appeal.

Petitioner violated probation several times over the next several years. Eventually, on February 16, 2021, the state court revoked her probation and ordered execution of the underlying sentence. *Id. at 38*. Petitioner did not appeal.

Instead, on April 1, 2021, Petitioner filed a state petition for post-conviction relief. *State's Lodging B-2*. The trial court denied Petitioner's request for counsel and dismissed the petition as untimely; alternatively, the court held that Petitioner's claims failed on the merits. *State's Lodging B-8 at 4–14*. The judgment of dismissal was issued on March 10, 2022, and Petitioner did not appeal. *State's Lodging B-10*.

On May 13, 2022, Petitioner filed the instant federal habeas corpus petition. *Dkt. 3*. The Court has construed the Petition as asserting the following claims, and Petitioner has not objected:

> Claim 1 appears to assert ineffective assistance of trial counsel on various grounds: (a) failure to inform Petitioner that the victim refused to speak to detectives; (b) failure to ensure Petitioner's guilty plea was properly signed, (c) failure to object to a diagnosis of antisocial personality disorder; (d) failure to ensure that the guilty plea was knowing, voluntary, and intelligent, based on the medication Petitioner was taking at the time; (e) fail[ure] to ensure that all notations in the guilty plea questionnaire were made by Petitioner and not someone else; (f) failure to appeal the denial of, or failure to file, a motion for reduction of sentence; (g) failure to discuss the case with Petitioner; and (h) failure to correct contradictions in the plea questionnaire.
>
> Claim 2 does not assert a violation of federal law. Rather, Claim 2 simply refers the Court to "letters" to and from the state bar association. It appears these letters may be intended

MEMORANDUM DECISION AND ORDER - 3

>as evidence supporting Claim 1, rather than as an independent claim.
>
>Finally, Claim 3 asserts that Petitioner's counsel failed "to file motions." The only such "motion" identified is an appeal. Therefore, Claim 3 appears to be a restatement of Claim 1(f)—failure to appeal Petitioner's conviction or sentence [or failure to file a motion for reduction of sentence].

*Dkt. 9 at 2–3* (internal citations omitted).

The Court previously reviewed the Petition and allowed Petitioner to proceed on her claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Id.* at 3.

Respondent now argues, among other things, that the Petition is barred by the one-year statute of limitations. The Court agrees.[2] Because Petitioner (1) is not entitled to statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial

---

[2] Because the Court concludes that the Petition is untimely, it does not address Respondent's other argument that the claims are procedurally defaulted. *See Dkt. 12*.

MEMORANDUM DECISION AND ORDER - 4

notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201; *Dawson*, 451 F.3d at 551 n.1. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

**1.     Standards of Law**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A). The Court analyzes the issue of timeliness on a claim-by-claim basis, rather than giving the Petition as a whole a single limitations period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

The first step in a statute of limitations analysis is determining the date when the petitioner's conviction became final. Under 28 U.S.C. § 2244(d)(1)(A), the date of

---

[3] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

MEMORANDUM DECISION AND ORDER - 5

"finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues the case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzalez v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). Thus, if a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

In addition to statutory tolling, equitable tolling can also apply to suspend the one-year limitations period. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). The petitioner bears the burden of showing a factual basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318 at n. 3 (9th Cir. 1999).

With respect to the first prong of equitable tolling, "whether a petitioner acted with reasonable diligence is a fact-specific inquiry." *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). For a petitioner to satisfy the diligence prong, they "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020)

MEMORANDUM DECISION AND ORDER - 7

(en banc). In *Smith*, for example, the Ninth Circuit denied equitable tolling because the petitioner "failed to exercise reasonable diligence during the 10 months available after [the extraordinary circumstance ended] and before the … statute of limitations expired." *Id.* at 586.

The second prong of equitable tolling requires extraordinary circumstances that prevented a timely filing. Equitable tolling is not justified by mere oversight or negligence. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013). For an attorney's error to constitute an extraordinary circumstance warranting equitable tolling, the attorney's conduct must be "egregious." *Holland*, 560 U.S. at 651. A "garden-variety claim of excusable neglect," such as miscalculation of a filing deadline, is insufficient. *Id*. (internal quotation marks omitted).

Additionally, there must be a causal link between the extraordinary circumstance and the untimeliness of the petition. This causal nexus requirement, however, "does not impose a rigid impossibility standard on litigants, and especially not on pro se prisoner litigants." *Smith*, 953 F.3d at 600 (internal quotation marks omitted).

In addition to statutory and equitable tolling, the statute of limitations is subject to an actual innocence exception, also referred to as the miscarriage-of-justice exception. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). A time-barred claim may be heard under the actual innocence exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found

[Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327).

## 2.   The Claims in the Petition Are Barred by the Statute of Limitations

For the following reasons, the Court concludes that the claims in the Petition are untimely.

### A.   *The Petition Was Filed after the Expiration of the Limitations Period*

Because Petitioner did not appeal from the judgment of conviction, that conviction became final on June 15, 2011—42 days after the judgment was entered on May 4, 2011. 28 U.S.C. § 2244(d)(1)(A); Idaho Appellate Rule 14. Absent tolling, the statute of limitations would expire one year later, on June 15, 2012. The petition in this case was not filed until May 13, 2022. Thus, Petitioner's claims are time-barred unless Petitioner can establish that she is entitled to sufficient statutory or equitable tolling or that she is actually innocent.

Petitioner responds that the statute of limitations could not have begun in 2011 because her probation was not revoked, and her underlying sentenced executed, until February 2021. Petitioner asks, "I was resentenced by the state at least 4 times … How can the state start [the limitations period] from … 2011?" *Dkt. 15 at 4*.

As an initial matter, Petitioner was never "resentenced." The trial court never issued an amended judgment of conviction. Rather, on the multiple occasions Petitioner came before the trial court, she was sentenced for violating her probation, not *re*sentenced for the underlying conviction. Ordering execution of an underlying sentence, following a period of probation, is not an event that restarts the statute of limitation.

MEMORANDUM DECISION AND ORDER - 9

Instead, pursuant to the plain text of 28 U.S.C. § 2244(d)(1)(A), the statute of limitation for claims challenging an underlying conviction and sentence begins to run on the date the conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review" of that underlying conviction—here, June 15, 2011. *See Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005) (holding that a judgment of deferred adjudication or straight probation was final for purposes of § 2244 and triggered the statute of limitation). Finality is *not* measured from the date "when Petitioner was first sent to prison." *O'Shea v. Ramirez*, No. 1:20-CV-00333-REP, 2021 WL 3751154, at *4 (D. Idaho Aug. 24, 2021) (unpublished); *see also Hanington v. Wengler*, No. 1:12-CV-00152-BLW, 2013 WL 828219, at *3 (D. Idaho Mar. 6, 2013) (unpublished) ("[A]ll of Petitioner's claims ... raise errors related to the original criminal proceeding that led to his guilty plea[,] rather than errors that occurred during later probation revocation ... hearings. Therefore, AEDPA's limitations period began to run ... forty-two days after the ... order placing Petitioner on probation was entered."); *Freeman v. Little*, No. 1:12-CV-0081-REB, 2013 WL 4495079, at *4 (D. Idaho Aug. 19, 2013) (unpublished) ("Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final.") (emphasis internal quotation omitted).

Thus, to have her habeas claims heard on the merits, Petitioner must establish that she is entitled to sufficient tolling or that she is actually innocent.

### B. *Petitioner Is Not Entitled to Statutory Tolling*

As explained previously, AEDPA provides for tolling of the limitations period while a properly filed state court post-conviction petition is pending. However, the time *before* a petitioner files such a petition in state court does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). Also, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

To qualify for statutory tolling, the collateral relief application must be "properly filed," meaning that it conformed to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Therefore, a collateral relief application that is untimely under state law does not toll the limitations period.

Although Petitioner eventually filed a state post-conviction petition, she did not do so until April 1, 2021, long after AEDPA's statute of limitations had already expired. Moreover, the petition was untimely under state law. Therefore, Petitioner's post-conviction petition could not serve to toll the limitations period, *see Nino*, 183 F.3d at 1006; *Ferguson*, 321 F.3d at 822, and Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

### C. *Petitioner Is Not Entitled to Equitable Tolling*

As stated above, equitable tolling applies if (1) the petitioner has pursued their rights diligently, and (2) extraordinary circumstances stood in the way and prevented a timely filing. *Holland*, 560 U.S. at 649. Petitioner has not satisfied either prong of this analysis.

Here, Petitioner asserts that her attorneys repeatedly "failed" her through the years and appears to claim that their ineffective assistance warrants equitable tolling. *Dkt. 15 at 3–4*. However, Petitioner has not explained how counsel's inaction during the time Petitioner was represented "prevented [a] timely filing" of a habeas petition for nearly ten years. *Holland*, 560 U.S. at 649.

Petitioner also claims that her plea agreement was not signed by the trial judge. *Dkt. 15 at 4–6*. It appears Petitioner is correct that the judge did not sign the plea agreement. *See Dkt. 15-1 at 8–10*. But, again, Petitioner does not explain how that fact prevented her from filing a timely habeas petition. Moreover, Petitioner does not dispute that the trial judge accepted the plea and imposed a sentence consistent with that agreement.

Finally, Petitioner cites a lack of sufficient legal resources in prison and states that the prison has only one kiosk for all the inmates. *Dkt. 15 at 6–7*. Although ignorance of the law alone is not an appropriate ground for equitable tolling, *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006), lack of accessible legal materials in prison can—in certain circumstances—justify equitable tolling.

However, the Ninth Circuit has "rejected the argument that lack of access to library materials *automatically* qualifie[s]" for such tolling. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (emphasis added). Instead, a petitioner must establish that—due to circumstances beyond their control—they could not have filed "a basic form habeas petition" within the limitations period, despite exercising reasonable diligence. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) (denying tolling when a petition was 340 days late because, for three years, the petitioner "had access to all of the documents necessary for his *Faretta* self-representation claim. He could have developed that argument, outlined the other arguments and the facts underlying those arguments on the form habeas petition, and then sought to amend his petition when he got more information."). Further, even if a petitioner faces difficulties in accessing legal materials, she is not entitled to equitable tolling absent credible allegations that she was denied access to a particular document when needed. *Id*.

For example, this Court has denied a request for equitable tolling when various legal resources, including the Court's own prisoner self-help packet, were available at the prison during the limitations period. *Brown v. Smith*, No. 1:12-CV-00112-REB, 2013 WL 149357, at *4 (D. Idaho Jan. 14, 2013) (unpublished). Even though there was no case law about AEDPA in the Idaho prison law library, the petitioner in *Brown* did not show that the resources that *were* in the library "were unavailable to him personally, or that State action prevented him from discovering the law or filing his petition." *Id*. A petitioner seeking equitable tolling based on lack of legal research materials also must explain "how he would have acted differently had he been given access" to such materials. *Id*.

MEMORANDUM DECISION AND ORDER - 13

Even assuming the truth of Petitioner's allegations regarding difficulty accessing legal materials, she has not explained how the lack of access to any particular legal materials actually "prevented [a] timely filing." *Holland*, 560 U.S. at 649. Petitioner was not in custody for nearly ten years after her judgment of conviction was issued, so there is no reason why the prison's available resources could have stopped her from filing before her probation was revoked.

Petitioner simply has not met her burden of showing that extraordinary circumstances beyond her control prevented her from filing a timely habeas petition. Moreover, she has not established that she acted diligently in attempting to file a timely petition. Accordingly, Petitioner is not entitled to equitable tolling.

### D. *Petitioner Has Not Established Actual Innocence to Excuse the Untimely Filing*

Petitioner does not appear to contend that she is actually innocent, but the Court has considered the issue nonetheless.[4] As explained above, to prove actual innocence, a petitioner must prove "it is more likely than not that no reasonable juror would have found [her] guilty." *Schlup*, 513 U.S. at 327. Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This extremely demanding standard "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new,

---

[4] The Court assumes, without deciding, that the actual innocence exception to the statute of limitations can apply even in cases where, as here, the petitioner pleaded guilty. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007).

incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House*, 547 U.S. at 539–40 (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has not presented any new, reliable evidence that she is actually innocent. Therefore, the miscarriage of justice exception does not apply to render Petitioner's claims timely.

## CONCLUSION

For the foregoing reasons, the Court must dismiss the Petition as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (Dkt. 19) is DENIED.

2. Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED, and the Petition is DISMISSED with prejudice.

3. Petitioner's Motion for Summary Judgment, first Motion of Judgment, Motion under Rule 60, and second Motion of Judgment (Dkts. 17, 21, 24, and 25) are DENIED.

4.  The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. To appeal, Petitioner must file a timely notice of appeal with the Clerk of this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: July 19, 2023

_____
Honorable Candy W. Dale
U.S. Magistrate Judge